ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division
United States Department of Justice

MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Assistant Section Chief
MICHELLE M. SPATZ, Senior Trial Attorney (DC Bar 1044400)
SARA M. WARREN, Trial Attorney (GA Bar 966948)
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
202-598-9741 (Spatz); 202-598-5785 (Warren)
michelle.spatz@usdoj.gov; sara.warren@usdoj.gov

ALEC BOWMAN, Trial Attorney (DC Bar 90019707)
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
202-532-3098
alec.bowman@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DOUG BURGUM, U.S. Secretary of the Interior, *et al.*,<br><br>Federal Defendants. | Case No. 3:26-cv-10071-VC<br><br>Related Cases: 3:26-cv-7176-VC; 3:26-cv-07507-VC<br><br>**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF [ECF No. 62]** |

Federal Defendants oppose Plaintiffs' motions to hold in abeyance the briefing schedule on Federal Defendants' motions for summary judgment.[1]

[1] Plaintiffs filed substantively identical motions in each related case. *See* ECF No. 33 in Case No. 26-7507; ECF No. 39 in Case No. 26-7176. This Opposition responds to all three.

# I. INTRODUCTION

Plaintiffs challenge a single agency action: the Services' rule rescinding their regulatory definitions of "harm" under the Endangered Species Act ("ESA"). *See* ECF No. 25 in Case No. 26-7507, ECF No. 31 in Case No. 26-7176, and ECF No. 50 in Case No. 26-10071 (challenging the "Recission Rule," 91 Fed. Reg. 43,300 (July 14, 2026)). The parties agree that they have "principled differences of opinion as to the meaning of the ESA, NEPA, and the APA," and that "summary judgment is the appropriate vehicle for resolving Plaintiffs' claims as currently pleaded." Joint Case Mgmt. Statement ("JCMS") §§ 12, 14.[2] Even so, Plaintiffs now seek delay.

Through "administrative" motions, Plaintiffs ask the Court for substantive relief under Federal Rule of Civil Procedure 56(d)—to suspend briefing on Federal Defendants' properly filed summary judgment motions. But Federal Defendants were entitled to move for summary judgment "at any time." Fed. R. Civ. P. 56(b). If Plaintiffs want to delay, the same rule requires Plaintiffs to show "by affidavit or declaration that, for specified reasons, [they] *cannot* present facts essential to justify [their] opposition." Fed. R. Civ. P. 56(d) (emphasis added). That is a high bar, one Plaintiffs do not even try to meet. Indeed, they never even mention Rule 56. Nor could Plaintiffs make this showing, as Plaintiffs present a legal challenge that can—and must—be resolved based on the agencies' stated reasons.

As discussed below, the Court should deny Plaintiffs' attempt to circumvent Rule 56; it instead should order Plaintiffs to respond to Federal Defendants' properly filed motions for summary judgment.

# II. ARGUMENT

## A. Plaintiffs' motion is an improper use of Local Rule 7-11.

As a threshold matter, Plaintiffs' motion is improper under Local Rule 7-11. That rule is reserved for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge," such as requests to exceed page

[2] *See* ECF No. 34 in Case No. 26-7507; ECF No. 40 in Case No. 26-7176; ECF No. 63 in Case No. 26-10071.

limits. Civil L.R. 7-11. In contrast, Plaintiffs here seek substantive relief under Federal Rule of Civil Procedure 56(d)—to defer briefing on a summary judgment motion and effectively move a properly noticed November 19 hearing date. This is improper, and the Court should deny Plaintiffs' motion on this ground alone. *See Coal. on Homelessness v. City & Cnty. of San Francisco*, No. 22-cv-05502-DMR, 2023 WL 2775156, at *3 (N.D. Cal. Apr. 3, 2023) (the "truncated procedures governing an administrative motion clearly made it an improper vehicle for the requested [substantive] relief"); *Kirola v. City & Cnty. of San Francisco*, No. C 07-03685 SBA, 2010 WL 3505041, at *1 (N.D. Cal. Sept. 7, 2010) (motion to facilitate a party's preparation of its case "is not 'administrative'").

**B. Federal Rule of Civil Procedure 56(b) authorized Federal Defendants' motions, and Plaintiffs have not met their burden under Rule 56(d).**

As Federal Defendants explained in the JCMS, Plaintiffs' detailed Complaints raise purely legal challenges, Rule 56(b) authorizes Federal Defendants' motions, Plaintiffs have made no showing under Rule 56(d) allowing delay, and delay would prejudice Federal Defendants and the public. JCMS § 15 (Fed. Defs.' Position). Plaintiffs' administrative motion does not demonstrate otherwise.

1. *Federal Defendants' motions are properly before the Court*. "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Thus, resolution of summary judgment motions constitutes an integral mechanism supporting "the just, speedy and inexpensive determination of every action." *Id*. at 327 (quoting Fed. R. Civ. P. 1).

In any event, Plaintiffs accuse Federal Defendants of improper conduct by moving for summary judgment. They accuse the government of attempting to "circumvent" the case management process and "unilaterally impos[ing] unreasonably short deadlines." ECF No. 62 at 2–3. But Plaintiffs identify no rule requiring a party to await a case management order before

moving for summary judgment. Nor do Local Rule 16-5 and the Standing Order bar a defendant from moving under Rule 56(b).[3] The Standing Order provision on cross-motions addresses the sequence of cross-motions, and Plaintiffs here have not filed a cross-motion. Finally, while Plaintiffs object to the current summary judgment response deadline, that deadline is established not by Federal Defendants, but Civil Local Rule 7-3(a).

2. *Plaintiffs have made no showing under Rule 56(d) to delay or defer summary judgment or the November hearing date*. Because Federal Defendants properly moved for summary judgment, Rule 56(d) supplies the path for a nonmovant seeking delay. *Celotex*, 477 U.S. at 326 (discussing then-Rule 56(f)). The nonmovant must identify by affidavit the specific facts it hopes to obtain through discovery and show that those facts exist and are essential to its opposition. *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "Failure to comply with these requirements 'is a proper ground for denying discovery and proceeding to summary judgment.'" *Id.*

Plaintiffs here have not complied with this requirement. Their only declaration recounts an email exchange about a stipulation. ECF No. 62-1. Nor could Plaintiffs make the requisite showing. Plaintiffs "do not anticipate seeking discovery," JCMS §§ 7-8, and their claims present legal questions for the Court to decide—not fact-based questions resolved de novo. *See Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985).

Plaintiffs' remaining reasons for delay are based on speculative concerns. Plaintiffs theorize the administrative record might be incomplete. But an agency's designation of the record is presumed proper "barring 'clear evidence to the contrary,'" *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024), and Plaintiffs offer no such evidence, *see* JCMS § 15 n.4. Likewise, the possibility of future amended or supplemental

[3] While citing these rules, even Plaintiffs do not want to follow them. Local Rule 16-5 calls for a plaintiff's opening summary judgment motion "within 28 days of receipt of defendant's answer," here, by November 4, 2026. Yet Plaintiffs propose to file their motions on January 20, 2027. *See* JCMS § 15 (Pls.' Position).

complaints does not make summary judgment premature. A summary judgment motion is addressed to claims, not pleadings, *see* Fed. R. Civ. P. 56(a), and Plaintiffs do not suggest they will abandon the claims that Federal Defendants address in the summary judgment motions.

3. *Plaintiffs' asserted prejudice is self-inflicted*. Plaintiffs also argue that they "will not know whether they must comply" with the Local Rule response deadline until after the October 16 conference. ECF No. 62 at 3. That uncertainty is of their own making. Federal Defendants conferred with Plaintiffs before filing summary judgment, and Plaintiffs have known since October 7 that their responses are due October 21. Plaintiffs could have spent that time preparing their responses; they chose instead to draft improper administrative motions and seek to delay this case. A litigant's preference for a different schedule—or its choice not to begin briefing—is not an inability to "present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

### C. Delay would prejudice Federal Defendants and the public.

The Rescission Rule is in effect, and the Services are administering the ESA under it. Plaintiffs' facial challenges cast a cloud of uncertainty over how the statute's "take" prohibition applies—uncertainty not borne by Plaintiffs, but by the Services, Federal agencies, and private parties regulated under the ESA. JCMS § 15 (Fed. Defs.' Position). Plaintiffs' response—that other courts are considering similar challenges, ECF No. 62 at 4–5—is non-responsive. The pendency of another action provides no justification for delay under Rule 56(d), or otherwise. To the contrary, it is the prompt resolution of a properly filed summary judgment motion that serves the public interest, by advancing "the just, speedy and inexpensive determination of [the] action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

## III. CONCLUSION

The Court should deny Plaintiffs' administrative motions and require Plaintiffs to respond to Federal Defendants' motions for summary judgment under the Local Rules or, if Plaintiffs cross-move, on Federal Defendants' proposed alternative schedule. *See* JCMS § 15 (Fed. Defs.' Position).

Dated: October 13, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division
United States Department of Justice

MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Assistant Section Chief

*/s/ Michelle M. Spatz*
MICHELLE M. SPATZ, Senior Trial Attorney (DC Bar 1044400)
SARA M. WARREN, Trial Attorney (GA Bar 966948)
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
202-598-9741 (Spatz); 202-598-5785 (Warren)
michelle.spatz@usdoj.gov; sara.warren@usdoj.gov

ALEC BOWMAN, Trial Attorney (DC Bar 90019707)
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
202-532-3098
alec.bowman@usdoj.gov

*Attorneys for Federal Defendants*